**[Cite as *State v. Perdue*, 2021-Ohio-1115.]**

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2020-CA-20 |
| | : | |
| v. | : | Trial Court Case No. 2019-CR-268 |
| | : | |
| RYAN SCOT PERDUE | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 2nd day of April, 2021.

. . . . . . . . . . .

IAN RICHARDSON, Atty. Reg. No. 0100124, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, Appellate Division, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

RICHARD L. KAPLAN, Atty. Reg. No. 0029406, P.O. Box 751192, Dayton, Ohio 45475
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1} Ryan Scot Perdue appeals from his conviction for failure to comply with an order or signal of a police officer, causing a substantial risk of serious physical harm to persons or property. Perdue challenges the finding that he caused a substantial risk of serious harm. We reject his arguments and affirm.

## I. Factual and Procedural Background

{¶ 2} Around 7 p.m. on April 26, 2019, Officer Tim Melvin and his partner were on patrol in the area of Monroe Street and Linden Avenue in Springfield when they pulled behind a car driven by Perdue. The officers immediately recognized Perdue and knew that he had an active warrant, so they initiated a traffic stop. The officers exited their vehicle to approach Perdue, but he sped off before they reached his car.

{¶ 3} Perdue sped through a residential area, past houses and parked cars, often on the wrong side of the road, with Officer Melvin in pursuit. Video from his cruiser's camera shows Perdue running the stop sign at a "T" intersection and turning left. Cross-traffic was not required to stop at the intersection, and a truck coming from the right had to brake to avoid hitting Perdue. Perdue also narrowly missed hitting another police cruiser coming from the left with its emergency lights on. Perdue then accelerated again past houses and businesses. Officer Melvin followed but could not gain on Perdue, despite reaching speeds of over 50 mph. After just a short time, the pursuit was called off because it was deemed too dangerous to continue, and Perdue sped off into the distance again on the wrong side of a residential street.

{¶ 4} Perdue was charged with one count of failure to comply with an order or signal of a police officer, in violation of R.C. 2921.331(B). The charge further alleged that

Perdue "caused a substantial risk of serious physical harm to persons or property," raising the offense to a third-degree felony under R.C. 2921.331(C)(5)(a)(ii). A jury found him guilty, and the trial court sentenced Perdue to a two-year suspended prison sentence and three years of community control.

{¶ 5} Perdue appeals.

## II. Analysis

{¶ 6} Perdue assigns two errors to the trial court, both of which present evidentiary challenges:

I. THE TRIAL EVIDENCE CLEARLY DEMONSTRATED MR. PERDUE'S OPERATION OF HIS VEHICLE, DURING A 25 SECOND POLICE PURSUIT, DID NOT CREATED (sic) EITHER A "SUBSTANTIAL RISK" OR ANY RISK OF SERIOUS HARM TO PERSONS OR PROPERTY. THE FACTS CLEARLY DEMONSTRATE ELEMENTS OF THE CHARGE WERE NOT SUPPORTED BY EVIDENCE. CONSEQUENTLY, THIS COURT SHOULD VACATED THE JUDGMENT AND DISMISS THE CHARGE WITH PREJUDICE.

II. MR. PERDUE'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AS THE PROSECUTION FAILED TO PRODUCE FOR THE JURY EVIDENCE WHICH WHEN WEIGHED BY THIS COURT WILL SUSTAIN A JURY VERDICT BASED ON NO EVIDENCE MR. PERDUE CREATED A SUBSTANTIAL RISK OF PHYSICAL HARM TO PERSONS OR PROPERTY.

{¶ 7} "An appellate court's function when reviewing the sufficiency of the evidence

to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

{¶ 8} "A claim that a jury verdict is against the manifest weight of the evidence involves a different test. ' "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." ' " *State v. McKnight*, 107 Ohio St.3d 101, 2005-Ohio-6046, 837 N.E.2d 315, ¶ 71, quoting *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997), quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶ 9} R.C. 2921.331(B) prohibits a person from "operat[ing] a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop." A violation of this section alone is a misdemeanor. *See* R.C. 2921.331(C)(3). But under R.C. 2921.331(C)(5)(a)(ii), the violation is a felony if the trier of fact finds that "[t]he operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property."

{¶ 10} Perdue does not dispute that he violated division (B), but he disputes the finding that he "caused a substantial risk of serious physical harm to persons or property." His argument, in essence, is that what happened was not really very serious, because the chase did not last long, there was no one around, and no one was injured.

{¶ 11} The evidence showed that Perdue fled through a residential area at speeds far exceeding the speed limit. Homes were visible in the cruiser video, and Officer Melvin testified that the area was residential. The officer further said that, while there were not speed-limit signs along the roads, to the best of his knowledge, based on his training and experience, the speed limit in a residential area is 25 mph unless otherwise posted. Officer Melvin testified that, despite reaching speeds of more than 50 mph, his cruiser did not make up any ground on Perdue. Furthermore, Perdue ran a stop sign and entered an intersection at which the cross-traffic was not required to stop. The video showed a truck coming from the right having to brake. A police cruiser driven by Officer Joseph Robinson was coming from the left, and the video showed that Perdue almost hit the cruiser. Officers Melvin and Robinson both testified that the truck did not have a stop sign. The pursuit was soon called off because higher-ups deemed it too dangerous to continue.

{¶ 12} That no person or property was actually harmed during the pursuit was irrelevant. *See State v. Hill*, 2d Dist. Clark No. 2013-CA-11, 2014-Ohio-532, ¶ 34 (concluding that defendant's high-speed flight created a substantial risk of substantial harm to persons or property, even though no persons or property were harmed). The issue was whether Perdue created a substantial risk of substantial harm. Based on the evidence, we think that a reasonable juror could have concluded that he did. *See id.* at ¶ 28 (driving well over the posted speed limit of 35 mph on city streets created a

substantial risk of serious physical harm to persons or property); *State v. Tillman*, 2d Dist. Clark No. 2006-CA-118, 2008-Ohio-2060, ¶ 45-46 (driving through a residential area over the speed limit, failing to signal turns, running a red light and stop signs when other vehicles and pedestrians were on the streets created a substantial risk of serious physical harm to persons or property). As there was no evidence presented that Perdue's high-speed flight from the police did not really pose much of a danger to person or property, there was no evidence that weighed heavily against conviction.

### III. Conclusion

{¶ 13} Both of Perdue's assignments of error are overruled. The trial court's judgment is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies sent to:

Ian Richardson
Richard L. Kaplan
Hon. David E. Cain, Visiting Judge